**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1266-19T1

SELECTIVE AUTO
INSURANCE COMPANY
OF NEW JERSEY,

 Plaintiff-Respondent,

v.

RAYMOND CASCARINO,

 Defendant-Appellant,

and

DONALD C. TOMASELLO,
and GEICO,

 Defendants.

_____

Argued December 1, 2020 — Decided December 21, 2020

Before Judges Mawla and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Cape May County, Docket No. L-0297-18.

Eric S. Poe argued the cause for appellant.

Michael T. McDonnell III, argued the cause for respondent (Kutak Rock, LLP, attorneys; Michael T. McDonnell III, Lindsay Andreuzzi, and Kimberli Gasparon, of counsel and on the brief).

PER CURIAM

Defendant Raymond Cascarino appeals from an October 24, 2019 order entering summary judgment in favor of plaintiff Selective Auto Insurance Company of New Jersey (Selective). We affirm.

I.

On August 9, 2016, Cascarino was struck while walking and injured by a vehicle operated by defendant Donald C. Tomasello. At the time of the accident, Cascarino was insured under a motor vehicle policy by Selective. Tomasello was insured by a GEICO policy, which had a $100,000 liability coverage limit. Cascarino's policy provided underinsured motorist (UIM) coverage in the amount of $250,000 per person subject to certain exclusions.

On December 14, 2016, Cascarino's counsel sent a demand letter to GEICO stating:

> I am hereby demanding that you pay your policy limits for Bodily Injury Liability Coverage on behalf of your insured, driver . . . Tomasello by January 15, 2017[,] in exchange for his release for liability. If you fail to do so by such date, due to the obvious nature of the injuries sustained due to the negligence of your driver, I will

seek an offer of judgment as well as a bad faith claim on a delay of payment.

> . . . .

> I trust that after review of the enclosed records, you will recognize that the value of the subject claim far exceeds your client's available policy limits. Be advised that, notwithstanding the foregoing, I am prepared to recommend settlement for those policy limits provided same are tendered by January 15, 2017. Following expiration of the addressed time frame, I will actively prepare this matter for trial and will not thereafter consider settlement within the available policy limits.

> The foregoing offer is conditioned upon your submission of satisfactory proof of the limits of your client's insurance policy limits, the absence of any excess policy, and the subrogation rights of any UIM carrier[.]

When GEICO did not respond, Cascarino's counsel renewed the demand for payment in a second letter dated January 13, 2017, which stated:

> I trust that after your review of the enclosed records, you can clearly recognize that the value of the subject claim far exceeds your client's available policy limits. My client was a pedestrian struck by YOUR INSURED 100% NEGLIGENTLY and proximately caused an immediate surgical emergency which required weeks of rehabilitation, for which permanent and significant lasting injuries will continue. Be advised that, notwithstanding the foregoing, as stated in my letter dated December 13, 2016, I am prepared to recommend settlement for those policy limits provided same are tendered by January 15, 2017. Following

A-1266-19T1

expiration of the addressed time frame, I will actively prepare this matter trial and will not thereafter consider settlement within the available policy limits.

GEICO responded in a letter dated January 24, 2017, confirming its conversation with Cascarino's counsel regarding the settlement, stating: "Enclosed is the release . . . representing the full and final settlement of your client's injury claim." Cascarino did not sign the release. On March 1, 2017, GEICO sent a check for $100,000 to Cascarino with the following language: "In Payment Of Bodily Injury Coverage FULL AND FINAL PAYMENT OF ALL CLAIMS ARISING FROM DOL 08/09/2016[.]" Cascarino's counsel signed the check and deposited it into his attorney trust account on April 12, 2017.

On May 10, 2018, Cascarino's counsel presented a demand to Selective, stating:

> Tomasello is clearly a negligent party who was the proximate cause for . . . Cascarino's injuries . . . . Tomasello's GEICO liability insurance had a policy limit of $100,000 which was tendered . . . but there is still a substantial amount for economic loss/pain and suffering that was clearly not covered by his GEICO insurance. Therefore, under . . . Cascarino's Underinsured Motorist policy coverage, we are demanding $150,000 as compensation for his injuries and would like to avoid unnecessary litigation.

Selective contacted Cascarino's counsel inquiring whether he had complied with Longworth v. Van Houten, 223 N.J. Super. 174 (App. Div. 1988), and notified

4

Selective regarding the settlement with GEICO. Cascarino's counsel responded in a letter dated May 31, 2018, stating:

> By letter[s] dated May 10, 2018 and May 18, 2018, you were provided with sufficient evidence that . . . Cascarino's damages far exceed the $100,000.00 previously tendered by GEICO, the tortfeasor's liability insurer, and the available limits available under the underinsured portion of . . . Cascarino's Selective Policy.
>
> In response, you requested that I provide you with a "[Longworth]" letter, which I assume would be to request Selective's permission to sign a general release, releasing the tortfeasor from any future claims or, in the alternative, to pay the $100,000 tendered by GEICO.
>
> Please note that GEICO did not condition the $100,000 payment on the signing of a general release, so we are not seeking permission to execute one at this time. In fact . . . Cascarino has not signed any release, as we may also be seeking damages against the hospital for negligence. However, please accept this letter as an agreement to assign . . . Cascarino's claim against the tortfeasor to you, up to the limits of our client's underinsured motorist recovery.
>
> In exchange for this assignment, and in recognition of the nature and the extent of . . . Cascarino's damages, I am again presenting you with a settlement demand in the amount of $150,000, which equals the limits of available underinsured motorist coverage, reduced by the amount recovered under the tortfeasor's liability policy.

A-1266-19T1

Following an investigation, Selective declined coverage for Cascarino's claim stating:

> GEICO . . . issued a check in the amount of their policy limit of $100,000 made payable to [Cascarino's counsel] and . . . Cascarino on March 1, 2017. [Cascarino's counsel] and . . . Cascarino endorsed the check and it was cashed on or about 4/12/2017. Selective was not placed on notice of [Longworth] prior to your settlement with GEICO. You did not comply with [Longworth]. Accordingly, as outlined below, we must respectfully disclaim coverage[.]
>
> . . . .
>
> Based upon our investigation we have identified certain provisions of the policy which are applicable to this claim. In this section, we will review those parts of the policy and explain why coverage is not available under the terms of the policy.

Selective pointed to the UIM exclusion in Cascarino's policy, which stated: "We do not provide coverage under this endorsement for . . . 'bodily injury' sustained by any 'insured' . . . if that 'insured' or legal representative settles any bodily injury or property damage claim with the owner or operator . . . without our written consent." Selective denied coverage based upon "its conclusion that the depositing of the check from GEICO constituted an 'accord and satisfaction' between Cascarino and Tomasello[,] which terminated Selective's subrogation rights against Tomasello."

A-1266-19T1

Cascarino's counsel sought reconsideration arguing "[t]he position taken in your [June 29, 2018] response will expose Selective to [a] bad faith [claim] because they are under an incorrect legal assumption that [Cascarino] settled the underlying case with the tortfeasor." He repeated "[t]here has been no release of the tortfeasor in this accident [and] simply giving $100,000 to the injured victim WITHOUT a release does not trigger [Longworth]." Selective denied the claim.

On July 12, 2018, Cascarino's counsel sent GEICO a letter requesting confirmation that Cascarino did not release Tomasello from any claim of personal liability. GEICO, through counsel assigned to Tomasello, responded:

> Although no release was ever executed by . . . Cascarino, your office endorsed and deposited the settlement check after GEICO provided your office with a release and affidavits of no insurance. Accordingly, it is . . . Tomasello's position that your client's claims against him have been fully satisfied and released. Your contention that . . . Cascarino never intended to release . . . Tomasello is undermined by the simple fact that the settlement check, bearing the statement "FULL AND FINAL PAYMENT OF ALL CLAIMS ARISING FROM DOL [August 8, 2016]," was endorsed and deposited by you after GEICO provided you with affidavits of no insurance and made clear in its January 24, 2017, letter that it would pay its policy limits in settlement of all claims against its insured. If it was not your intention to fully resolve all claims against . . . Tomasello at that time, then the check should not have been deposited. Moreover, by

A-1266-19T1

waiting more than a month to issue the check, GEICO gave you more than sufficient time to contact Selective . . . and advise Selective of the settlement offer and your client's wish to accept that settlement. The obligation to notify Selective, your client's UIM carrier, was exclusively your client's obligation. Rutgers Cas. Ins. v. Vassas, 139 N.J. 163, 174 (1995). In Longworth . . . , the court held, "as a matter of future conduct, an insured receiving an acceptable settlement offer from the tortfeasor should notify his UIM carrier.["] . . . It was not . . . Tomasello's responsibility to notify Selective and any failure to preserve Selective's subrogation rights rests solely with . . . Cascarino.

In July 2018, Selective filed a complaint naming Cascarino, Tomasello, and GEICO as defendants. The complaint alleged "[h]ad Cascarino sought Selective's consent to settle his claims against Tomasello, Selective would have elected to pay Cascarino the amount of Tomasello's liability limits with GEICO and filed a subrogation claim against Tomasello." The complaint asserted "the cashing of the GEICO check by Cascarino served as an accord and satisfaction of any and all claims Cascarino had or may have had against . . . Tomasello." Selective sought declaratory judgment against Cascarino and GEICO, and subrogation against Tomasello in the event Cascarino was not barred from seeking UIM benefits from Selective.

Tomasello's counsel contacted Cascarino and demanded return of the $100,000 if Cascarino maintained there was no settlement. However, Cascarino retained the money and on August 9, 2018, signed a release which stated:

> [T]he Releasor hereby, releases and forever discharges Releasees . . . from any and all liability of whatever type for any and all claims of every kind, nature and description whatsoever, whether in law or in equity, arising out of, or in any way relating to any and all claims, actions, causes of action, demands, rights damages, costs . . . resulting or caused by the motor vehicle accident involving Releasor and . . . Tomasello on August 9, 2016[.]

Cascarino did not contact Selective or obtain approval to sign the release. After Selective learned of the release execution, it filed an amended complaint containing three counts for "declaratory judgment against Cascarino to the effect that Selective does not owe Cascarino UIM benefits . . . declaratory judgment against GEICO; and . . . subrogation against Tomasello." Cascarino counterclaimed for breach of contract and bad faith, and sought a declaratory judgment that he was entitled to the UIM benefits.

Cascarino and Selective each sought summary judgment. Tomasello and GEICO sought summary judgment dismissal of the claims against them. On October 24, 2019, Judge James H. Pickering, Jr. granted Selective's motion for

summary judgment, denied Cascarino's motion for summary judgment, and granted GEICO's and Tomasello's motion for summary judgment.

The judge found Cascarino was not entitled to Selective's UIM coverage. At the outset, the judge noted the following facts were not in dispute:

> Selective was not notified of [Cascarino's] settlement demand for GEICO's policy limits; Selective was not notified that the check in the amount of the policy limits had been sent by GEICO and received by Cascarino's attorney; Selective was not notified that the GEICO check included the notation "FULL AND FINAL PAYMENT OF ALL CLAIMS ARISING FROM DOL 08/09/2016"; and Selective was not notified that the check had been endorsed by Cascarino and his attorney and deposited in his attorney's trust account. Selective was not notified of the GEICO payment until Cascarino sent a letter to Selective on May 8, 2018[,] and on May 18, 2018, which letters demanded the full amount of the UIM coverage and which letter included a copy of the GEICO check. This was [thirteen] months since the check had been deposited.
>
> . . . .
>
> Cascarino never notified Selective that GEICO had presented him with a release that paid him the GEICO policy limits and that released Tomasello; and Cascarino never notified Selective that Cascarino desired to sign the release.

The judge considered the undisputed facts and the consequences of Cascarino's actions before he deposited GEICO's check, "after GEICO's attorney sent his

letter on July 26, 2018[,] which potentially opened up any settlement, and before Cascarino signed the release."

The judge concluded there was accord and satisfaction because Cascarino and GEICO "disagreed about how much Cascarino was entitled to for [the] injuries he sustained[,] . . . GEICO intended its $100,000 payment to settle any and all claims against Tomasello[,]" and Cascarino accepted GEICO's check by depositing it. The judge found Cascarino's failure to sign the release provided by GEICO meant there was no release, but did not negate the fact there was a settlement. He concluded "[t]he accord and satisfaction . . . has the effect of terminating any ability by Selective to pay Cascarino UIM benefits, and then seek subrogation against Tomasello."

Analyzing the undisputed facts after GEICO's attorney sent a letter demanding return of the check, the judge concluded as follows:

> At this point, Cascarino was thrown a lifeline. He could legitimately argue that there was not a settlement; even GEICO said there was not a settlement . . . . Cascarino could then send a Longworth letter to Selective, inform Selective of the proposed settlement, and wait for them to reply . . . . Instead, . . . Cascarino signed a release without notice to Selective. The release clearly precludes any subrogation by Selective against Tomasello.

A-1266-19T1

The judge concluded "Cascarino violated his duty to inform Selective as required by [Longworth] . . . and as required by his insurance contract . . . . Therefore, Selective is relieved of its obligation to provide UIM coverage to Cascarino."

## II.

Our review of an order granting summary judgment is de novo. Graziano v. Grant, 326 N.J. Super. 328, 338 (App. Div. 1999). "[W]e review the trial court's grant of summary judgment . . . under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). The court must consider all of the evidence submitted "in the light most favorable to the non-moving party," and determine if the moving party is entitled to summary judgment as a matter of law. Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). If the evidence presented "show[s] that there is no real material issue, then summary judgment should be granted." Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987) (citing Judson v. Peoples Bank & Tr. Co. of Westfield, 17 N.J. 67, 75 (1954)).

On appeal, Cascarino argues he never violated Longworth. He argues that his deposit of the GEICO check did not constitute an accord and satisfaction or

12

a release of Tomasello from liability.  He asserts even if accord and satisfaction applied, the judge should have denied summary judgment because there were material disputes in fact regarding whether Cascarino and Tomasello had reached a settlement manifested by mutual intent and there was no evidence of prejudice to Selective by Cascarino depositing GEICO's check.

In Longworth, we held "an insured receiving an acceptable settlement offer from the tortfeasor should notify his UIM carrier.  The carrier may then promptly offer its insured that sum in exchange for assignment to it by the insured of the claim against the tortfeasor."  223 N.J. Super. at 174.  In Ferrante v. N.J. Mfrs. Ins. Grp., the Supreme Court explained the

> duty to notify in the UIM context is intended to protect a carrier's right of subrogation . . . .  The law "highly favors" subrogation as "a device of equity to compel the ultimate discharge of an obligation by the one who in good conscience ought to pay it."  Holloway v. State, 125 N.J. 386, 394 (1991).  In practice, the insurer may choose to pay out the insured for the loss and retain a cause of action against the tortfeasor.
>
> . . . .
>
> To protect those interests, we identified the occasions when the insured must notify the carrier: (1) when he or she takes legal action against the tortfeasor; (2) "[i]f, during the pendency of the claim, the tortfeasor's insurance coverage proves insufficient to satisfy the insured's damages"; and (3) if the insured is seeking UIM benefits because he or she "receive[d] a

settlement offer . . . that does not completely satisfy the claim, because the tortfeasor is underinsured." [Rutgers Cas. Ins. Co., 139 N.J. at 174].

[232 N.J. 460, 469-71 (2018) (internal citations omitted).]

We reject Cascarino's arguments that there was no accord and satisfaction and hence no settlement for the same reasons expressed in Judge Pickering's opinion. The undisputed facts in the record clearly show Cascarino settled with Tomasello. The settlement was affirmed when Cascarino deposited GEICO's check, which stated it was in full and final settlement of his injury claim, without qualification. Cascarino's execution of the release was the final clear indicator he had settled the matter with Tomasello. Cascarino's conduct violated Longworth, the clear terms of his UIM policy, and pursuant to Ferrante, deprived Selective of its ability to pursue Tomasello by way of a subrogation action.

We also reject Cascarino's argument that Selective was required to show it was prejudiced by Cascarino's actions in order to deny UIM coverage. As Judge Pickering noted,

> Ferrante holds otherwise. Here, Selective never had the opportunity to exercise its rights; therefore, it is not required to show that Cascarino's violations caused it prejudice. By settling the case, by endorsing and depositing the check . . . , Cascarino caused the irretrievable loss of Selective's rights to subrogation before Selective ever learned of the existence of the

14

claim. Then, by signing the release . . . , Cascarino sealed Selective's fate. Pursuant to Ferrante, Selective does not need to show prejudice in these circumstances.

We agree. The Ferrante Court rejected the insured's argument the trial court should have considered whether "he negligently, rather than intentionally, violated Longworth, [and] conduct a prejudice analysis [where there were] . . . numerous landmarks where Ferrante could have, and should have, but did not notify [his carrier of a settlement with tortfeasor]." 232 N.J. at 474. The Court stated: "Our decision here is not rooted in Ferrante's state of mind, but rather in his actions." Ibid. The Court concluded:

> If . . . the insured, regardless of his state of mind, fails to give the UIM carrier any notice of the UIM claim until after the final resolution of the underlying tort action, thereby causing the irretrievable loss of the carrier's rights to subrogation and intervention before the carrier has ever learned of the existence of the claim, coverage is forfeited.
>
> [Ibid.]

Likewise, no such analysis was required here as Cascarino's settlement of the case extinguished Selective's subrogation claim. The undisputed facts support summary judgment in Selective's favor. Cascarino's remaining arguments lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-1266-19T1

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-1266-19T1